EXHIBIT A

Dustin Lance, Bar No. 8804
dlance@dkolaw.com
Alan W. Mortensen, Bar No. 6616
amortensen@dkolaw.com
Lance L. Milne, Bar No. 14879
lmilne@dkolaw.com
DEWSNUP, KING & OLSEN
36 South State Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 533-0400
Fax: (801) 363-4218
*Attorneys for Plaintiff*

## IN THE SECOND JUDICIAL DISTRICT COURT

## WEBER COUNTY, STATE OF UTAH

| | |
|---|---|
| JACOB SEAN BARBEN, | |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| BERETTA USA CORP., a Delaware Corporation; SPORTSMAN'S WAREHOUSE, INC., a Utah Corporation; and FEDERAL CARTRIDGE COMPANY, a Minnesota Corporation. | (Tier 3) |
| | Case No.: 150904895 |
| | Judge Joseph Bean |
| Defendants. | |

Plaintiff, Jacob Barben, by and through his undersigned counsel, hereby complains of Defendants and alleges as follows:

## JURISDICTION AND VENUE

1.     For all causes of action, Plaintiff invokes the jurisdiction of the Court under Utah Code Ann. § 78A-5-102.

2.     Plaintiff, Jacob Barben, at all material times resided in Davis County, Utah.

3.     Defendant, Federal Cartridge Company (hereinafter, "Federal") upon information and belief is a Minnesota Corporation supplying services and goods in the State of Utah and otherwise transacting business within the State of Utah..

4.     Federal owns and controls multiple brands of outdoor recreation equipment including Federal Premium Ammunition (hereinafter, "Federal Ammunition").

5.     Defendant Beretta USA Corp. (hereinafter, "Beretta") upon information and belief is a Maryland Corporation supplying services and goods in the State of Utah and otherwise transacting business within the State of Utah.

6.     Defendant Sportsman's Warehouse, Inc. (hereinafter, "Sportsman's Warehouse") is a Utah corporation with its principal place of business located at 7035 High Tech Dr., Midvale, Utah.

7.     Sportsman's Warehouse owns and operates a place of business located in Weber County, Utah at 1137 W. Riverdale Road, Riverdale, Utah.

8.     Venue is therefore proper pursuant to Utah Code Ann. § 78B-3-307.

9.     The value of Plaintiff's claims is greater than $300,000.  This action

therefore falls within tier 3 of Utah R. Civ. P. 26(c)(5).

## BACKGROUND

10.    Plaintiff incorporates by reference the foregoing allegations as if fully stated herein and further allege as follows:

11.    On information and belief, sometime before 2004 Beretta designed and manufactured a 12 gauge over-under Beretta Silver Pigeon II shotgun, serial number U30798B (hereinafter, "Shotgun").

12.    On information and belief, Beretta distributed the Shotgun to Sportsman's Warehouse.

13.    In approximately 2004, Plaintiff purchased the Shotgun from Sportsman's Warehouse.

14.    On information and belief, sometime before October 30, 2014 Federal designed and manufactured a case of Federal Game Shok 12 gauge 2 ¾" 1 oz. #6 shot Ammunition, lot no. 3V29VM259 (hereinafter "Federal Ammunition") which it distributed to the Sportsman's Warehouse.

15.    On October 30, 2014, Plaintiff and his coworker, Ryan, purchased the sealed case of 12 gauge Federal Ammunition from Sportsman's Warehouse in Riverdale, Utah.

16.    Later that day, Plaintiff, Ryan, and two other coworkers, Brian Smith and Mark Braddy, headed north to the Bear River Bottom Pheasant Hunting grounds in Elwood, Utah for a work related team building pheasant hunting activity.

17.     During the hunt, Plaintiff was using the Shotgun, Ryan was using a 12 gauge Remington 870 shotgun, Brian was using a 12 gauge Franchi shotgun, and Mark was using a 12 gauge Beretta Xtrema shotgun.

18.     During the hunt, Plaintiff and his coworkers exclusively used the 12 gauge Federal Ammunition purchased by Plaintiff and Ryan.

19.     Shortly after arriving and beginning the hunt, Plaintiff and his coworkers flushed a bird at which the Plaintiff fired one shot from the lower chamber of the Shotgun. Plaintiff then reloaded and closed the Shotgun.

20.     Moments later, Plaintiff flushed another bird at which he raised his gun and again fired from the lower chamber.

21.     When the gun fired, Plaintiff felt "an unnatural recoil" in the Shotgun, and his hand felt like it had been slapped very hard.

22.     When the Plaintiff looked at his hand, he observed a severe injury to his hand and that his thumb was barely attached. See Injury Photos (copies attached as Exhibit A).

23.     After calling for emergency services, the Bear River Bottoms hunting guide, Stephanie Thompson, took the Shotgun and opened it to extract the remaining shell from the upper barrel and to check the lower barrel for obstructions.

24.     Upon inspection, Stephanie was able to see the opening where the exploding shell had breached the lower barrel. See Shotgun Photos (attached as Exhibit

4

B). Upon opening the Shotgun, it fell into two separate pieces as a result of the damage. Stephanie was not able to observe any obstruction in the lower barrel of the gun.

25. Upon information and belief, the catastrophic failure of the Shotgun was due in whole or in part to the dangerous and defective condition of the gun.

26. Upon information and belief, the catastrophic failure of the Shotgun was due in whole or in part to the dangerous and defective condition of the 12 gauge Federal Ammunition.

27. At the time of his injury, Plaintiff was a former employee of Sportsman's Warehouse and was a very experienced hunter and marksman. As a result, Plaintiff had an advanced knowledge of firearms, firearm operation, and firearm safety.

28. Prior to using the Shotgun on the day of the injury, Plaintiff had fired approximately 200 rounds from the Shotgun on previous occasions. Plaintiff had thoroughly cleaned the Shotgun following every use, including but not limited to, it's last use and had inspected the gun that day prior to its use.

29. At all material times mentioned herein, Plaintiff was careful and prudent and did nothing to contribute to his injuries and used the Shotgun in the manner intended and described in the Shotgun's Owners' Manual.

30. As a result of these catastrophic failures, Plaintiff has incurred medical expenses for his care and treatment and will incur substantial medical expenses in the future for medical care and treatment in amounts to be determined at trial.

31. As a result of these catastrophic failures, Plaintiff has incurred lost income, and has incurred future lost earning capacity and other economic damage, including loss of household services, in amounts to be determined at trial.

## FIRST CAUSE OF ACTION
(Strict Liability: All Defendants)

32. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein and further allege as follows:

33. Defendant Beretta was engaged in the business of manufacturing and selling firearms and their component parts.

34. Defendant Federal was engaged in the business of manufacturing and selling ammunition, including but not limited to, the Federal Ammunition.

35. Defendant Sportsman's Warehouse was engaged in the business of selling firearms and ammunition, including but not limited to, the Shotgun and the Federal Ammunition.

36. The Shotgun and Federal Ammunition were expected to and did reach the Plaintiff without substantial change in the conditions in which they were sold.

37. The Shotgun was in a defective condition or contained defects which rendered it unreasonably dangerous to the user or consumer. The Shotgun was not reasonably safe but was dangerous to an extent beyond that which an ordinary and prudent user or consumer would contemplate.

38. The Federal Ammunition was in a defective condition or contained defects which rendered it unreasonably dangerous to the user or consumer. The Federal

6

Ammunition was not reasonably safe but was dangerous to an extent beyond that which an ordinary and prudent user or consumer would contemplate.

39. The Shotgun and Federal Ammunition were defective in that they were not accompanied by adequate warnings to protect the user or consumer.

40. The injuries and damages sustained by the Plaintiff were a direct and proximate result of the defects in the Shotgun and in the Federal Ammunition.

## SECOND CAUSE OF ACTION
(Negligence: Federal, Beretta)

41. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein and further allege as follows:

42. Defendants failed to exercise reasonable care in their design, testing, manufacture, inspection, sale, distribution, and advertising of the Shotgun and Federal Ammunition and failed to properly warn users of the potential hazards with their use.

43. Defendants' actions constituted negligence and were separately or jointly the cause of the Plaintiff's injuries and damages.

## THIRD CAUSE OF ACTION
(Breach of Warranties: All Defendants)

44. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein and further allege as follows:

45. Defendants expressly or impliedly warranted that the Shotgun and the Federal Ammunition were free from defects, of merchantable quality and safe, fit for

7

their general and reasonable foreseeable uses and fit for the purpose for which they were intended.

46.     Defendants breached their express and implied warranties.

47.     The Defendants' breaches of warranties were a proximate cause of the Plaintiff's injuries and damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

(a)     For past and future special damages including, but not limited to, medical and related expenses, lost income, lost future earning capacity, loss of household services and other economic expenses and losses, in amounts to be determined at trial;

(b)     For general damages in amounts to be determined at trial;

(c)     For punitive damages to the extent allowed by law, if approporiate, in amounts to be determined at trial;

(d)     For costs, interest and attorney fees to the extent allowed by law; and

(e)     For such other relief as the court deems appropriate.

### JURY DEMAND

Plaintiff relies on and restates his demand for a jury trial.

DATED this _22_ day of September, 2015.

DEWSNUP KING & OLSEN

Dustin Lance
Alan W. Mortensen
Lance L. Milne
*Attorneys for Plaintiff*

# Exhibit A



A-1



A-2



A-3



A-4



A-5

# Exhibit B

M00436#

Beretta Shotgun (pieces)

Jacob Barber   04-05-80   8008
                          2/2

10-30-14  18:00
R Riser  c26

B-1

14-004369

Beretta Shotgun (pieces)

Jacob Barben 04-05-80

8008
2/2

10-30-14   18:00
R Riser c26



B-3



B-4



B-5



CAM 76    18 4

ALLOYED STEEL
81 400    18 4

B-6



B-7



B-8



MADE IN ITALY

B-9



B-10



B-11



B-12