## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JACOB SEAN BARBEN,<br><br><div align="center">Plaintiff,</div><br>v.<br><br>BERETTA USA CORP., a Delaware Corporation; SPORTSMAN'S WAREHOUSE, INC., a Utah Corporation; and FEDERAL CARTRIDGE COMPANY, a Minnesota Corporation,<br><br><div align="center">Defendants.</div> | **MEMORANDUM DECISION AND ORDER DENYING FEDERAL CARTRIDGE COMPANY'S MOTION TO EXCLUDE TOM ROSTER**<br><br>Case No. 1:16-cv-00094-DN<br><br>District Judge David Nuffer |

Defendant Federal Cartridge Company ("Federal Cartridge") seeks to exclude Plaintiff's expert, Tom Roster, from testifying at trial.[1] Because Mr. Roster's opinion is based on sufficient facts and data and is the product of reliably applied principles and methods, it is admissible. Therefore, Federal Cartridge's Motion to Exclude[2] is DENIED.

### DISCUSSION

Rule 702 of the Federal Rules of Evidence "imposes a special gatekeeping obligation on the trial judge to ensure that an opinion offered by an expert is reliable."[3] "Specifically, Rule 702 permits expert testimony by a 'witness who is qualified' if the expert's testimony is helpful to the jury and is reliable in that it is 'based on sufficient facts or data; . . . is the product of reliable

---

[1] Federal Cartridge Company's Motion to Exclude Tom Roster ("Motion to Exclude"), docket no. 33, filed Oct. 10, 2017.

[2] *Id*.

[3] *United States v. Velarde*, 214 F.3d 1204, 1208 (10th Cir. 2000) (quoting *United States v. Charley*, 189 F.3d 1251, 1266 (10th Cir. 1999)).

principles and methods; and . . . the expert has reliably applied the principles and methods to the facts of the case.'"[4]

"[A] key question to be answered in determining whether a theory or technique is scientific knowledge that will assist the trier of fact will be whether it can be (and has been) tested."[5] However, "testing is not always required to satisfy the reliability threshold of Rule 702, [but] it is particularly important when a proposed expert relies on novel theories or where the basis for the expert's opinion is subject to debate."[6] An expert's testimony is properly excluded as being unreliable "when the opinion evidence 'is connected to existing data only by the *ipse dixit* of the expert' such that 'there is simply too great an analytical gap between the data and the opinion offered.'"[7]

This case arises from injuries Plaintiff allegedly sustained when his shotgun's barrel burst upon firing.[8] Plaintiff has designated Tom Roster to testify as an expert at trial regarding his opinion that the barrel burst was caused by a separated hull from a round of ammunition produced by Federal Cartridge that obstructed the shotgun's barrel.[9] Federal Cartridge seeks to exclude Mr. Roster's testimony because he did not test his theory and is unaware of a situation where a separated hull has caused a shotgun barrel burst.[10]

---

[4] *Heer v. Costco Wholesale Corp.*, 589 Fed. App'x 854, 861 (10th Cir. 2014) (quoting FED. R. EVID. 702).

[5] *Id*. at 862 (quoting *Daubert v. Merrell Dow Pharm, Inc.*, 509 U.S. 579, 593 (1993)).

[6] *Id*.

[7] *Id*. (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

[8] Second Amended Complaint, docket no. 2-2, filed June 29, 2016.

[9] Plaintiff's Expert Disclosures, docket no. 26, filed Mar. 10, 2017; Tom Roster (Consultant) FINAL Report re Ammunition 11-20-2016 ("Roster Report"), docket no. 34-5, filed Oct. 24, 2017.

[10] Motion to Exclude at 7-8.

Mr. Roster has decades of experience as a consultant for many gun and ammunition manufacturers.[11] He has performed research, testing and forensic analysis of: shotgun ammunition design; shotgun barrel obstruction bursts; improving shot shell lines; developing buffered lead loads; and testing ammunition.[12] He based his opinion on his specialized experience and knowledge, as well as his review of witness statements and inspection of the physical evidence, including Plaintiff's shotgun, Federal Cartridge ammunition, and materials recovered from the location at which Plaintiff fired the shotgun.[13] Specifically, Mr. Roster used the process of elimination to reach his opinion that the barrel burst was caused by a barrel obstruction, eliminating that the cause was an ammunition misload or use of the wrong type of ammunition.[14] Mr. Roster also determined the physical evidence was consistent with a separated hull from a round of Federal Cartridge's ammunition being the barrel obstruction.[15]

Mr. Roster's specialized experience and knowledge qualifies him to render an expert opinion regarding the cause of the shotgun barrel burst.[16] Additionally, Mr. Roster's opinion that the barrel burst was caused by a separated hull from a round of Federal Cartridge's ammunition obstructing the shotgun's barrel is based on sufficient facts and data, and is the product of reliably applied scientifically valid principles and methods.

While Mr. Roster did not perform destructive testing to validate his theory,[17] and is unaware of a situation where a barrel obstruction from a separated hull caused a shotgun barrel

---

[11] Deposition of Thomas A. Roster dated May 23, 2017 ("Roster Deposition") at 16:23-17:3, 24:9-12, 29:7-9, 30:7-10, 31:1-6, docket no. 32-4, filed Sept. 29, 2017.

[12] *Id*.

[13] Roster Report.

[14] *Id*. at 4-6, 9-11, Roster Deposition at 88:11-25, 113:10-21, 245:15-246:6, 246:13-247:22, 248:12-17.

[15] Roster Report at 6-9, 11-17; Roster Deposition at 89:5-9, 91:20-92:8, 256:19-257:12, 257:22-258:3.

[16] Federal Cartridge does not challenge Mr. Roster's qualification to testify as a causation expert.

[17] Roster Deposition at 119:10-22, 120:22-121:2.

burst,[18] his specialized experience and knowledge inform his opinion that barrel obstructions are a cause of shotgun barrel bursts.[19] There is no apparent debate about this opinion. Mr. Roster has also personally experienced hull separations in which the ammunition's separated hull remains as an obstruction in the shotgun's barrel after firing, including with Federal Cartridge ammunition.[20] Additionally, Mr. Roster identified items from the physical evidence that are consistent with a barrel obstruction burst caused by a separated hull of Federal Cartridge ammunition.[21] Under these circumstances, actual destructive testing is not necessary for Mr. Roster's opinion to be reliable. There is not too great an analytical gap between the facts and data and Mr. Roster's offered opinion. Mr. Roster's expert opinion is sufficiently reliable and will assist the trier of fact on the issue of causation. Therefore, Mr. Roster's opinion is admissible under Rule 702, and Federal Cartridge's Motion to Exclude[22] is DENIED.

## ORDER

IT IS HEREBY ORDERED that Federal Cartridge's Motion to Exclude[23] is DENIED.

Signed December 4, 2017.

BY THE COURT

District Judge David Nuffer

---

[18] *Id*. at 132:20-25, 180:2-11; 181:13-15.

[19] *Id*. at 113:10-21, 171:5-11, 245:15-246:6.

[20] *Id*. at 92:6-8, 149:15-24, 150:10-19, 151:15-25, 196:10-24, 201:3-8.

[21] *Id*. at 88:11-25, 89:5-9, 91:20-92:8, 113:10-21, 245:15-246:6, 246:13-247:22, 248:12-17, 256:19-257:12, 257:22-258:3; Roster Report.

[22] Docket no. 33, filed Oct. 10, 2017

[23] *Id*.