Dustin Lance, Bar No. 8804
dlance@lanceandrewlaw.com
Jessica A. Andrew, Bar No. 12433
jandrew@lanceandrewlaw.com
**LANCE ANDREW, P.C.**
15 West South Temple, Suite 1650
Salt Lake City, Utah 84101
Office: (801) 869-6800
Facsimile: (801) 869-6801
*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| JACOB SEAN BARBEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CARTRIDGE COMPANY, a Minnesota Corporation,<br><br>Defendant. | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND COMPLAINT AND REMAND TO STATE COURT**<br><br>Case No.: 1:16-cv-00094-BCW |

The Utah Supreme Court has clarified that retailers are not immune from strict liability for defective and unreasonably dangerous products they have sold.[1] Plaintiff has moved to amend his complaint to bring back into this case the retailer, Sportsman's Warehouse (Sportsman's), who sold him the allegedly defective shotgun shells manufactured by Defendant Federal Cartridge Company (Federal). With that amendment, diversity will be lost, and this case must be remanded back to state court. Federal opposes this motion with arguments that

---

[1] *Bylsma v. R.C. Willey*, 2017 UT 85 (Dec. 1, 2017).

1

ignore substantive and procedural law and request that this Court to do the same. This motion should be granted.

## ARGUMENT

Defendant's arguments primarily challenge Plaintiff's motion for leave to amend his complaint to bring Sportsman's back into the case, as it was an originally named party. Defendant acknowledges that if the Court grants Plaintiff's motion to amend, it must also grant Plaintiff's motion to remand under 28 U.S.C. § 1447(c). Therefore, the central question is whether joinder should be permitted, and Plaintiff be given leave to amend his complaint to again name Sportsman's Warehouse.

### I.   Plaintiff's motion to amend is proper and should be granted.

Defendant relies on *McPhail v. Deere & Co.*[2] for its analysis and request that the Court deny Plaintiff's motion to amend, but Federal misstates the *McPhail* analysis and fails to acknowledge other predicate authorities on which the *McPhail* Court relied, all of which support Plaintiff's requested amendment.

#### A. The question is not whether joinder is required, but whether permissible joinder should be permitted.

Defendant's analysis suggests that joinder must be required under Rule 19 in order for the Court to grant the motion to amend. This misstates the *McPhail* analysis in an important prerequisite way. *McPhail* did not set forth three factors to consider when deciding whether to permit joinder (necessary joinder, then timeliness, then prejudice). Rather, it first acknowledged that joinder can be

---

[2] 529 F.3d 947 (10th Cir. 2008).

2

either required or permissible, and then set forth some—but not all—of the factors to be considered in determining whether to grant permissible joinder.

*McPhail* first references 28 U.S.C. § 1447(e), which provides that if "a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction"—as it would here, diversity being destroyed—"the court may deny joinder, or permit joinder and remand the action to State court." *McPhail* then observed that where joinder is required pursuant to Rule 19, then the Court has no discretion and must permit joinder and remand the action.[3] Required joinder is not, therefore, a "factor to be considered" in determining whether to grant Plaintiff's motion; it is dispositive of the question in cases where it applies.

Where, as here, joinder is permissible under Rule 20(a), the *McPhail* Court acknowledged that there are several factors to consider, and those factors include timeliness and prejudice, but are not limited to them. These factors weigh in favor of permissible joinder and granting Plaintiff's motion to amend.

Rule 20 provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.[4]

It is clear that Plaintiff, in his state court action before removal, asserted his right to relief against Federal and Sportsman's "jointly, severally, or in the alternative with respect to or arising out of the same transaction [and]

---

[3] *Id.* at 951-52.
[4] FED. R. CIV. P. 20(a)(2).

occurrence," and that all questions of law or fact common to these two defendants "will arise in the action."

Permissive joinder under Rule 20 being at the Court's discretion, there must follow an analysis of the factors to consider in determining whether to permit joinder.

### B. Factors to consider in determining whether to allow permissive joinder weigh in favor of Plaintiff's requested amendment.

*McPhail* continues its analysis by recognizing that "[i]n exercising this discretion [to deny or permit joinder], the district court 'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith.'"[5] Authorities upon which *McPhail* relied and cited also included other factors courts may consider, such as whether the party "had had sufficient opportunity to state a claim and failed,"[6] and whether the party seeking the amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."[7] Each of these factors weighs in favor of Plaintiff's requested amendment.

### 1. Federal is not prejudiced by litigating the same case it should have from the beginning.

Defendant's prejudice argument is contradictory. On the one hand, Defendant contends that allowing the amendment to again name Sportsman's,

---

[5] *McPhail*, 529 F.3d at 952, quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416-17 (10th Cir. 1984).
[6] *State Distrib., Inc.*, 738 F.2d at 416.
[7] *Id.*

and thus remanding to state court, where this case started and should have stayed all along, would be unfairly prejudicial to Federal because discovery would have to be reopened and everything would have to be relitigated for Sportsman's, resulting in delay and expense to everyone. On the other hand, Federal contends that denying joinder, and thus disallowing remand, would not prejudice Plaintiff because the claims against Sportsman's would add nothing, and thus nothing more actually needs to be done. It is unclear to Plaintiff how Federal's arguments can be reconciled. Either the claims against Sportsman's will require work and expense, or they will not. Federal cannot have it both ways.

The fact of the matter is that Federal is in no different position if the case is remanded. The case started in state court with Federal and Defendant Sportsman's. Federal has long known that the *Bylsma* case was pending before the Utah Supreme Court and would at some point be decided, thus opening the door for Plaintiff to bring Sportsman's back into a case it was involved in from the beginning. This is not a surprise, and that matters.[8] Moreover, "[a]lthough discovery may essentially be complete, there is no reason why it cannot be reopened for limited purposes if necessary."[9] Additionally, if Federal is at fault, then under Federal's own reasoning, its "liability will be the same regardless of whether [Sportsman's] is joined as a defendant."[10]

That it is inconvenient to Federal that the Utah Supreme Court has confirmed that the law allows Plaintiff to pursue the strict liability claims against

---

[8] *See Blanco v. Snyder's of Hanover, Inc.*, 2003 WL 21939707 *3 (S.D.N.Y. 2003) (observing that the plaintiffs had long "made known their opposition to removal, and their concededly meritorious grounds for remain").
[9] *Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 135 (E.D.N.Y. 2003)
[10] *Id.*

5

Sportsman's as a retailer that Plaintiff originally pursued more than two years ago is not unfair prejudice to Federal, much less grounds for disallowing an amendment. Plaintiff is entitled "to chart the course of [his] own litigation and to prosecute the claims in the manner of [his] choice."[11] Applying the law to allow Plaintiff to do so, as he intended all along, is not unfair prejudice.

### 2. Plaintiff's motion to amend is not "unduly and inexplicably delayed."

Defendant's timeliness argument is defective, both as regards Plaintiff's motion to amend, and, to the extent Defendant is challenging Plaintiff's motion to remand, to that motion as well. Defendant misstates the timeliness standard from *McPhail*, conflates the timeliness of a motion to amend with the timeliness of a motion for remand, and then misstates the timeliness rule applicable to Plaintiff's motion for remand.

Defendant has identified no authorities, and Plaintiff has found none, suggesting a specific time limit for moving to amend a complaint to join parties in this context, and 28 U.S.C. § 1447—the only authority Defendant references—does not address timeliness of motions to amend at all. *McPhail* and its cited precedents simply ask whether the request for joinder was "unduly and inexplicably delayed."[12] It was not.

Sportsman's was not "a potential defendant in the case since at least September 2015,"[13] as Federal's opposition declares; Sportsman's was a *named* defendant in September 2015, and was dismissed thereafter based on the trial

---

[11] *Id.* at 136.
[12] *Id.*
[13] Federal Cartridge Company's Opposition to Plaintiff's Motion to Amend Complaint and Remand to State Court, doc. 44, filed Dec. 21, 2017 (Defendant's Opposition Memo), 6.

court's application of then-extant appellate interpretation of Utah's passive retailer liability. Until the *Bylsma* decision was issued on December 1, 2017, clarifying Utah's passive retailer liability, Plaintiff had no legal basis to seek to amend to bring Sportsman's back into the case. Then, when the decision was issued, Plaintiff moved to amend within a week of the issuance of that decision. If filing a motion to amend a mere seven days after the decision was issued is not timely, nothing is.

Second, Defendant provides no authority for its attempt to bootstrap the deadline for moving to remand for procedural defects to its timeliness argument on Plaintiff's motion to amend. And Defendant's timeliness argument regarding Plaintiff's motion to remand fails even to apply to Plaintiff's motion to remand. Diversity jurisdiction is a form of subject-matter jurisdiction, which is not subject to the 30 day rule—the only timing rule Defendant cites.[14] Rather, 28 U.S.C. § 1447(c) provides: "If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[15] Regardless of the timing of Plaintiff's motion—or, indeed, the filing of any motion at all—the Court must order remand in the event it loses diversity jurisdiction.[16]

---

[14] 28 U.S.C. § 1447(c) "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days of the filing of the notice of removal under section 1446(a)." (emphasis added).
[15] Emphasis added.
[16] Even if the defect in removal were procedural, and thus the 30-day rule from 28 U.S.C. 1447(c) applied, "if there is no removal defect on the day that the notice is filed, the deadline is counted from the day that the defect occurs." *Winners Corp. v. Lafayette Life Ins. Co.*, 734 F.Supp. 812, 815 (M.D. Tenn. 1989). *See also Woolf v. Mary Kay Inc.*, 176 F.Supp.2d 654, 658 n. 12 (N.D. Tex. 2001). *But see Loya v. Starwood Hotels & Resorts*, 2006 WL 2559868 *1 (W.D. Wash. 2006) (unpublished opinion declining to follow the reasoning in *Winners*). Certainly filing a motion to remand one week after the defect is evidence is timely, even under the 30-day rule.

7

Plaintiff's motion is neither unduly or inexplicably delayed, nor untimely in any respect.

### 3. Plaintiff's motion to amend was filed in good faith.

*McPhail* considers the moving party's good faith in seeking an amendment.[17] Defendant has not challenged Plaintiff's good faith in moving to add in a party that was once a part of the case, but who was dismissed based upon an improper application of the law.

What is clear is that the plaintiff's culpability in finding himself in a position of seeking an amendment has been important to courts considering permissive joinder. In *McPhail,* the plaintiff did not ever formally move to amend her complaint.[18] Plaintiff here has done so. Plaintiff has not ignored discovery and motion practice as others have done in cases where an amendment is not granted.[19] Nor did Plaintiff fail to include claims against Sportsman's in his original complaint.[20]

Plaintiff has done all he can to litigate this case in the way the law allows and in the way Plaintiff has seen fit, and he has at every turn acted in good faith and with diligence.

---

[17] *McPhail*, 529 F.3d at 952.
[18] *Id. See also Perry v. Hartford Ins. Co. of Midwest*, 196 F.Supp.2d 447 (E.D. Tex. 2002) (criticizing plaintiff for failing to exercise due diligence in seeking joinder of the new defendant).
[19] *See Local 472 of United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada v. Georgia Power Company*, 684 F.2d 721, 724 (11th Cir. 1982) (observing that the party's failure to respond to its opponent's motion for summary judgment or meaningfully participate in discovery weighed against granting the amendment); *Svoboda v. Trane Co.*, 495 F.Supp. 367, 373 (E.D. Mo. 1979) (criticizing the plaintiff for conducting no discovery in the action until after he requested leave to amend); *McKenzie-Wharton v. United Airlines, Inc.*, 158 F.Supp.3d 1300 (M.D. Fla. 2016) (same).
[20] *State Distrib., Inc.*, 738 F.2d at 416 ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial").

### 4. Plaintiff has not had an opportunity to state a claim against Sportsman's.

Importantly, whether the plaintiff ever had a "sufficient opportunity to state a claim"[21] against the proposed new party is a significant factor, and one that Federal cannot credibly ignore. Far from choosing not to avail himself of a full and fair opportunity to litigate his claims against the proposed new party, as was criticized in *Svoboda v. Trane Co.*,[22] Plaintiff here was precluded from litigating his claims against Sportsman's because of the trial court's dismissal of those claims based on an incorrect interpretation of Utah passive retailer law. Plaintiff is entitled to pursue his claims against Sportsman's as he originally pleaded them.

## II. Plaintiff's motion for remand is proper and should be granted.

Federal acknowledges that if joinder of Sportsman's back into the same case in which it started is permitted, remand must follow under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[23]

### CONCLUSION

Utah law has been made clear that Plaintiff has all along been entitled to pursue claims against both Federal and Sportsman's, and Plaintiff has at every turn exercised good faith and diligence in pursuing those claims. Plaintiff requests leave to amend his complaint to bring Sportsman's back into the case on the basis of strict liability, and an order remanding this case to state court to continue on the track on which it started.

---

[21] *Id.*
[22] 495 F.Supp. at 371.
[23] Defendant's Opposition Memo, 6-7.

Dated this <u>22nd</u> day of December. 2017.

                                                LANCE ANDREW, P.C.

                                                _/s/ Jessica Andrew_
                                                Dustin Lance
                                                Jessica Andrew
                                                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2017, I caused a true and correct copy of the foregoing to be filed via ECF, which sent notice of the same to the following:

Scott T. Evans
Tyler V. Snow
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
Scott.evans@chrisjen.com
Tyler.snow@chrisjen.com
*Attorneys for Federal Cartridge Company*

                                          /s/ Jessica Andrew