IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JACOB SEAN BARBEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL CARTRIDGE COMPANY, a Minnesota Corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO AMEND COMPLAINT AND REMAND TO STATE COURT**<br><br>Case No. 1:16-cv-00094-DN<br><br>District Judge David Nuffer |

The case was originally filed in the Second Judicial District of Weber County, State of Utah, but was later removed on grounds of diversity jurisdiction following the state court's dismissal of Sportsman's Warehouse, Inc. ("Sportsman's Warehouse") as a party defendant.[1] Plaintiff Jacob Sean Barben now seeks leave to amend his complaint to reassert his dismissed claims against Sportsman's Warehouse based on a subsequent change in Utah law.[2] Mr. Barben also requests the case be remanded to state court because the addition of Sportsman's Warehouse will destroy complete diversity of citizenship and subject matter jurisdiction.[3]

Defendant Federal Cartridge Company ("Federal Cartridge") opposes Mr. Barben's Motion arguing that Sportsman's Warehouse cannot be joined because it is not an indispensable party, and that the requested amendment is prejudicial and untimely.[4]

---

[1] Notice of Removal of a Civil Action from State Court to Federal Court ("Notice of Removal"), docket no. 2, filed June 29, 2016.

[2] Plaintiff's Motion and Memorandum in Support of to Amend Complaint and Remand to State Court ("Motion"), docket no. 41, filed Dec. 8, 2017.

[3] *Id*.

[4] Federal Cartridge Company's Opposition to Plaintiff's Motion to Amend Complaint and Remand to State Court ("Response") at 5-8, docket no. 44, filed Dec. 21, 2017.

Because Mr. Barben's requested amendment will not result in undue prejudice and is timely and offered in good faith, the permissive joinder of Sportsman's Warehouse as a defendant is appropriate. And because the joinder of Sportsman's Warehouse will destroy complete diversity and subject matter jurisdiction, remand to state court is necessary. Therefore, Mr. Barben's Motion[5] is GRANTED.

## DISCUSSION

This case involves claims arises from injuries Mr. Barben sustained when his shotgun's barrel burst upon firing.[6] Mr. Barben initiated the case in state court, asserting claims for strict products liability and breach of express and implied warranties against:

- Federal Cartridge—the manufacturer of the ammunition Mr. Barben was using;

- Beretta USA Corp. ("Beretta")—the manufacturer of the shotgun Mr. Barben was using; and

- Sportsman's Warehouse—the retailer that sold Mr. Barben the shotgun and ammunition he was using.[7]

However, the case was removed on grounds of diversity jurisdiction following the state court's dismissal of Mr. Barben's claims against Sportsman's Warehouse.[8] The basis for the dismissal was the passive retailer doctrine.[9] This doctrine protects a retailer from strict liability arising from a defective product when (1) the retailer had no part in the product's design, manufacture,

---

[5] Docket no. 41, filed Dec. 8, 2017.

[6] Second Amended Complaint ("Complaint"), docket no. 2-2, filed June 29, 2016.

[7] *Id*. ¶¶ 11-22, 32-40, 44-47. Mr. Barben also asserted claims for negligence against Federal Cartridge and Beretta. *Id*. ¶¶ 41-43.

[8] Notice of Removal.

[9] Memorandum Decision on Defendant Sportsman's Warehouse, Inc.'s Motion for Summary Judgment ("State Court's Memorandum Decision"), docket no. 44-1, filed Dec. 21, 2017; Memorandum Decision on Defendant Sportsman's Warehouse, Inc.'s Motion for Summary Judgment, docket no. 44-2, filed Dec. 21, 2017.

engineering, or testing; (2) the retailer had no knowledge of the product's defect; and (3) the product's manufacturer is a named party in the case.[10]

Mr. Barben now seeks leave to amend his complaint to reassert his dismissed claims against Sportsman's Warehouse.[11] Mr. Barben maintains that the dismissal was improper because the Utah Supreme Court recently rejected the passive retailer doctrine in *Bylsma v. R.C. Willey*,[12] holding that the "doctrine is inconsistent with the [Liability Reform Act's] explicit retention of strict products liability."[13] Mr. Barben also requests the case be remanded to state court because the joinder of Sportsman's Warehouse, a non-diverse party, will destroy complete diversity of citizenship and subject matter jurisdiction.[14] Federal Cartridge opposes Mr. Barben's Motion arguing that Sportsman's Warehouse cannot be joined because it is not an indispensable party, and that the requested amendment is prejudicial and untimely.[15]

The procedure for cases removed from state court is governed by 28 U.S.C. § 1447. Subsection (e) of the statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the [s]tate court."[16] "As § 1447(e) indicates, however, the plaintiff does not have an absolute right to join such parties."[17]

---

[10] *Yirak v. Dan's Super Markets, Inc.*, 188 P.3d 487, 489 (Utah Ct. App. 2008); *Sanns v. Butterfield Ford*, 94 P.3d 301, 307 (Utah Ct. App. 2004).

[11] Motion at 3.

[12] *Id*. at 2-3.

[13] *Bylsma*, 2017 UT 85, --- P.3d ----, 2017 WL 5998937, *16 (Utah 2017).

[14] Motion at 2-3.

[15] Response at 5-8. Federal Cartridge is currently the only remaining defendant in the case. "[A]ll claims between [Mr. Barben] and Beretta [] have been settled and released." Order of Dismissal With Prejudice of Plaintiff's Claims Against Defendant Beretta U.S.A. Corp., docket no. 19, filed Nov. 28, 2016.

[16] 28 U.S.C. § 1447(e).

[17] *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

In the Tenth Circuit, determining whether to permit an amendment that joins a non-diverse party to a removed case requires consideration of the applicable rules:

> Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of the opposing party or the court. Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable . . . If the [party sought to be joined] is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court . . . If the district court determines that joinder is appropriate [under Rule 20(a)(2)], § 1447(e) requires remand to state court. If the district court decides otherwise, it may deny joinder.[18]

Federal Cartridge opposes Sportsman's Warehouse's joinder because Sportsman's Warehouse is not an indispensable party.[19] "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."[20] But Sportsman's Warehouse does not need to be indispensable to be joined to the case, so long as its permissive joinder under Rule 20(a)(2) is appropriate.[21]

Rule 20(a)(2) permits permissive joinder of defendants when:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Under Utah law, defendants "found to be strictly liable for selling the defective product must pay an amount equal to the proportion of the injury found to be caused by the defective product—in other words, the proportion of the injury caused by the strictly liable defendants' collective breach of their duty not to sell a defective product."[22] "And if there are multiple

---

[18] *Id.* at 951-52 (internal quotations, citations, and punctuation omitted).

[19] Response at 5.

[20] *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990).

[21] *McPhail*, 529 F.3d at 951-52.

[22] *Bylsma*, 2017 WL 5998937, *21.

strictly liable parties, the plaintiff can recover from any of them."[23] Therefore, Mr. Barben's products liability claims would be jointly and severally asserted against Federal Cartridge and Sportsman's Warehouse. The products liability claims also undoubtedly involve common questions of law and fact—"[whether] the product was defective, it caused some part of plaintiff's injuries, it was sold by the defendant, and the defendant is in the business of selling such products."[24] Therefore, permissive joinder of Sportsman's Warehouse may be appropriate in this case. But this does not end the analysis.

In exercising discretion to permit permissive joinder of a non-diverse party in a removed case, several additional factors are considered, including: "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith[.]"[25] Also underpinning the consideration of these factors is that "court[s] should freely give leave [to amend] when justice so requires."[26] "The purpose of the [r]ule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[27]

**Permitting Mr. Barben's requested amendment will not result in undue prejudice**

The "most important[] factor in deciding a motion to amend the pleadings[] is whether the amendment would prejudice the nonmoving party."[28] Federal Cartridge argues Mr. Barben's requested amendment is prejudicial because fact and expert discovery are closed, and trial is

---

[23] *Id*.

[24] *Id*. at *20.

[25] *McPhail*, 529 F.3d at 952 (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

[26] Fed. R. Civ. P. 15(a)(2).

[27] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 446, 456 (10th Cir. 1982)).

[28] *Id*. at 1207.

scheduled to begin in approximately nine weeks.[29] Federal Cartridge maintains that if the amendment is permitted and the case is remanded to state court, trial will be delayed and the parties will incur additional fees and expenses incident to reopening discovery and litigating the claims against Sportsman's Warehouse.[30] But these are typical occurrences when a party is added to a case and do not justify a finding of prejudice.

"[T]he expenditure of time, money, and effort alone is not grounds for a finding of prejudice."[31] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[32] "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[33]

Federal Cartridge fails to show how Mr. Barben's requested amendment would unfairly affect it in terms of preparing a defense. Indeed, Federal Cartridge cannot make such a showing. The joinder of Sportsman's Warehouse does not implicate subject matter different from what was set forth in Mr. Barben's complaint. Nor does it raise significant new factual issues.

Mr. Barben named Sportsman's Warehouse as a defendant in the case prior to removal from state court.[34] Mr. Barben also resisted Sportsman's Warehouse's motion for summary judgment in the state court, urging that ruling on the motion be deferred until the Utah Supreme Court addressed the validity of the passive retailer doctrine in *Bylsma v. R.C. Willey*.[35] And

---

[29] Response at 6-7.

[30] *Id.*

[31] *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009).

[32] *Minter*, 415 F.3d at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).

[33] *Id.*

[34] Complaint ¶ 6, 32-40, 44-47.

[35] Plaintiff's Response to Defendant Sportsman's Warehouse, Inc.'s Motion for Summary Judgment ("Mr. Barben's State Court Response") at 1-2, docket no. 44-3, filed Dec. 21, 2017.

6

while the state court ultimately dismissed Mr. Barben's claims against Sportsman's Warehouse based on the passive retailer doctrine, it expressly stated "[a]t such time as the *Bylsma* case is decided and upon timely application to the court, the court may have cause to revisit [its] decision."[36] Therefore, Federal Cartridge has been well aware of Mr. Barben's desire to pursue claims against Sportsman's Warehouse, and the potential that Sportsman's Warehouse could be brought back as a defendant in the case.

Moreover, under Utah law, "there is no separate comparison or allocation of strict liability "fault" as between the identically strictly liable defendants."[37] "The relative culpability of the defendants does not factor into the jury's allocation at all."[38] Therefore, the joinder of Sportsman's Warehouse should have limited or no effect on Federal Cartridge's defenses.

Under these circumstances, permitting Mr. Barben's requested amendment will not result in undue prejudice.

### Mr. Barben's requested amendment is timely and offered in good faith

"Lateness does not of itself justify the denial of [a requested] amendment."[39] "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action."[40] "However, '[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time.'"[41]

---

[36] State Court Memorandum Decision at 5.

[37] *Bylsma*, 2017 WL 5998937, *20.

[38] *Id*.

[39] *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)).

[40] *Id*.

[41] *Id*. (quoting *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)).

7

In the Tenth Circuit, the focus of the analysis is "primarily on the reasons for the delay."[42] "[W]hen the party filing the motion has no adequate explanation for the delay[,]" leave to amend will not be permitted.[43] Nor will leave be permitted "when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial."[44]

Federal Cartridge argues Mr. Barben's requested amendment is untimely because he did not object to the case's removal or seek a stay pending the decision in *Bylsma v. R.C. Willey*, and waited until three months before trial to seek Sportsman's Warehouse's joinder and the case's remand to state court.[45] However, at the time of the case's removal, Mr. Barben had no basis to object. The state court had dismissed his claims against Sportsman's Warehouse and complete diversity existed among the remaining parties.[46] Mr. Barben also requested the state court defer ruling on Sportsman's Warehouse's motion to summary judgment pending a decision in *Bylsma*, but the state court declined to do so.[47] And while Mr. Barben filed his Motion approximately three months prior to trial, a basis for seeking Sportsman's Warehouse's joinder did not exist until the Utah Supreme Court issued its decision in *Bylsma*. The Motion came within a week of the opinion's issuance. These facts provide adequate explanation and justification for Mr. Barben's delay in seeking Sportsman's Warehouse's joinder.

---

[42] *Id*. at 1206.

[43] *Id*. (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[44] *Id*. (internal quotations, citations, and punctuation omitted).

[45] Response at 6.

[46] Notice of Removal.

[47] Mr. Barben's State Court Response at 1-2; State Court Memorandum Decision at 5.

Mr. Barben is not attempting to make his complaint a moving target; or untimely suggesting new theories of recovery; or presenting theories seriatim; or knowingly delaying until the eve or trial. Nor is he attempting to improperly use Sportsman's Warehouse joinder to forum shop. Rather, he promptly raised the legitimate issue of Sportsman's Warehouse's joinder following the issuance of the *Bylsma* opinion. Therefore, Mr. Barben's requested amendment is timely and offered in good faith.[48]

### Permissive joinder of Sportsman's Warehouse is appropriate and remand to state court is necessary

Because Mr. Barben's requested amendment will not result in undue prejudice and is timely and offered in good faith, the permissive joinder of Sportsman's Warehouse as a defendant is appropriate.[49] And because the joinder of Sportsman's Warehouse will destroy complete diversity and subject matter jurisdiction, remand to state court is necessary.[50]

### ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Barben's Motion[51] is GRANTED. Mr. Barben is directed to file an amended complaint which adds Sportsman's Warehouse as a defendant by no later than January 19, 2018.

---

[48] The 30-day limitation on seeking a remand to state court following removal is not implicated in this case because Sportsman's Warehouse's joinder will create a defect in subject matter jurisdiction. 28 U.S.C. § 1447(c).

[49] This Memorandum Decision and Order does not pass judgment on the validity of Mr. Barben's claims against Sportsman's Warehouse. It only recognizes that it is appropriate to permit Mr. Barben the opportunity to reassert the claims in light of the Utah Supreme Court's holding in *Bylsma*.

[50] 28 U.S.C. § 1447(c), (e); *McPhail*, 529 F.3d at 951-52.

[51] Docket no. 41, filed Dec. 8, 2017

IT IS FURTHER HEREBY ORDERED that upon the filing of Mr. Barben's amended complaint, this case is REMANDED to the Second Judicial District of Weber County, State of Utah.

Signed January 10, 2018.

BY THE COURT

_____
District Judge David Nuffer